UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____
                                        :
TERRENCE E. HOLMES,                     :
                                        :
    Petitioner,                        :
                                        :
    v.                                 :    No. 2:15-cv-04684
                                        :
VINCENT MOONEY;                         :
THE DISTRICT ATTORNEY OF THE            :
COUNTY OF PHILADELPHIA;                 :
and THE ATTORNEY GENERAL OF             :
THE STATE OF PENNSYLVANIA,              :
                                        :
    Respondents.                       :
_____     :

**O P I N I O N**
Report and Recommendation, ECF No. 22—Adopted

**Joseph F. Leeson, Jr.**                                                                                                                                                                                                                                  June 19, 2018
**United States District Judge**

    **I.      INTRODUCTION**

      Terrence Holmes filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction for attempted murder, aggravated assault, possession of a firearm, and criminal conspiracy. ECF No. 1. Holmes was tried in absentia after he absconded before trial, and was sentenced to 20.5 to 45 years in prison. After the government responded to Holmes's petition, ECF No. 18, United States Magistrate Judge David R. Strawbridge issued a Report and Recommendation (R&R) finding Holmes's petition untimely. ECF No. 22. Holmes filed a timely objection to the R&R, alleging that he can overcome the time bar through a gateway claim of actual innocence. ECF No. 24. Because this Court disagrees for the reasons discussed below, Holmes's objection is overruled, the R&R is adopted, and the habeas petition is dismissed.

## II. LEGAL STANDARD

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). "District Courts, however, are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)." *Hill v. Barnacle*, 655 F. App'x. 142, 147 (3d Cir. 2016). The district "court may accept, reject, or modify, in whole or in part, the findings and recommendations" contained in the report. 28 U.S.C. § 636(b)(1)(C) (2009).

## III. ANALYSIS

This Court adopts the factual and procedural history as summarized by Magistrate Judge Strawbridge in the R&R. Magistrate Judge Strawbridge did not reach the merits of Holmes's claims because he concluded that they are time-barred. In his Objection, Holmes concedes that his petition is untimely; however, he asserts that this Court can address the merits of his petition because he is actually innocent. Obj. 1, ECF No. 24.

Actual innocence is an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1933 (2013). Thus, "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite the expiration of the statute of limitations; that is, a Court may consider the merits of a petitioner's untimely claims when the prisoner proves his actual innocence. *Id.* at 1928. The standard for establishing actual innocence, however, is demanding. *Id.* at 1936. It requires "new reliable evidence—whether it be exculpatory scientific

evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The standard is not met unless the petitioner "persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 133 S.Ct. at 1928 (quoting *Schlup*, 513 U.S. at 329). "Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." *Schlup*, 513 U.S. at 324; *see also Calderon v. Thompson*, 523 U.S. 538, 559 (1998) ("We have often emphasized 'the narrow scope' of the exception."); *Sistrunk v. Rozum*, 674 F.3d 181, 192 (3d Cir. 2012) ("*Schlup* sets a supremely high bar.").

To succeed on his actual innocence gateway claim, Holmes must present new evidence of his innocence. The Third Circuit Court of Appeals generally considers evidence "new" under *Schlup* only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.[1] *See Houck v. Stickman*, 625 F.3d 88, 93–94 (3d Cir. 2010); *Pirela v. Dist. Attorney of the Cty. of Philadelphia*, No. CIV.A. 00-5331, 2014 WL 2011536, at *5–6 (E.D. Pa. May 16, 2014). However, the *Houck* court recognized that a petitioner who seeks relief on the basis of ineffective assistance of trial counsel for failure to present specific evidence of innocence—as Holmes does here—faces a dilemma: to prove that his counsel was ineffective, he must show that his trial counsel should have discovered and presented the evidence at trial, but to pass through the actual innocence gateway, he must show that the evidence was undiscoverable.

---

[1] One district court in this Circuit has recognized a circuit split over what counts as "new" evidence under *Schlup*: while the Third and Eighth Circuits require newly discovered evidence, or evidence that could not have been discovered through reasonable diligence, the Seventh and Ninth Circuits view "new" evidence as evidence not "presented" at trial. *See Phlipot v. Johnson*, No. CV 14-383-RGA, 2015 WL 1906127, at *4 n.6 (D. Del. Apr. 27, 2015).

625 F.3d at 94. The court suggested that it would apply a modified version of the Eighth Circuit's definition of "new" evidence in *Amerine v. Bowersox*, 128 F.3d 1222, 1230 (8th Cir. 1997): "evidence is new only if it was not available at trial and could not have been discovered earlier through the exercise of due diligence." The Third Circuit approved of this definition, "with the narrow limitation that if the evidence was not discovered for use at trial because trial counsel was ineffective, the evidence may be regarded as new provided that it is the very evidence that the petitioner claims demonstrates his innocence." *Houck*, 625 F.3d at 94. Although the Third Circuit did not apply this "modified *Amerine* standard" in *Houck*, *see* 625 F.3d at 95, other district courts in the Third Circuit have applied it where petitioners try to pass untimely claims of ineffective assistance of counsel through the actual innocence gateway. *See Reeves v. Coleman*, No. 3:14-CV-01500, 2016 WL 7424265, at *17 (M.D. Pa. Oct. 17, 2016) ("Despite being dicta, we think *Houck* is persuasive evidence of how the Third Circuit would rule if presented with the issue."), *report and recommendation adopted*, No. CV 3:14-1500, 2016 WL 7411130 (M.D. Pa. Dec. 22, 2016); *McDonald v. Gilmore*, No. 14CV3998, 2015 WL 1400954, at *6 n.13 (E.D. Pa. Mar. 27, 2015) (applying *Houck* to claim based on affidavits from witnesses where petitioner alleged his trial counsel was ineffective for choosing not to contact those witnesses).

      This Court will apply the *Houck* standard as well. Thus, to present "new evidence" sufficient to support a gateway claim of actual innocence, Holmes must present newly discovered evidence or evidence that was not discovered for use at trial because of his counsel's ineffectiveness. Holmes references two pieces of evidence that he believes demonstrate his actual innocence. First, Holmes contends that the government withheld sections of the victim's medical records that show that the victim was unconscious "with a tracheotomy down his

throat," which would "contravene[] the investigating detective's sworn affidavit that he spoke with the victim on February 8, 2002." Obj. 2. Second, Holmes offers a statement made to police by Shawn Gale, an eyewitness to the crime. He argues that he does not match Gale's description of the assailant, and that Gale described the incident differently from the investigating detective, identifying a single shooter and describing the getaway car as a different color. *Id.* Holmes contends that his trial counsel rendered ineffective assistance because she chose not to use this information or investigate Gale's eyewitness account. Obj. 3.

However, the evidence Holmes offers does not meet the *Houck* standard because it was known and available to counsel at trial. *See Reeves*, 2016 WL 7424265, at *17 ("[W]e do not read *Houck* expansively to cover evidence that defense counsel discovered prior to trial but merely failed to present at trial. Thus, we will not consider evidence as new if the evidence was available at the time of trial and Reeves or his counsel knew about such evidence."); *Hayes v. Wenerowicz*, No. CIV.A. 13-589, 2015 WL 1636947, at *6 (W.D. Pa. Apr. 13, 2015) (where petitioner conceded that his trial counsel was aware of alibi witnesses but did not investigate them, testimony of those witnesses was not "new evidence" under *Houck*). Holmes complains that his trial counsel did not use the victim's medical records, but concedes that his trial counsel had access to them. *See* Obj. 3 ("Trial counsel, *armed with this information*, [chose] not to use the information . . . .") (emphasis added). When the Superior Court of Pennsylvania addressed Holmes's third PCRA petition, it noted that he had admitted that his trial counsel knew about the medical records. *See Commonwealth v. Holmes*, 2453 EDA 2014 (Pa. Super. Ct. June 22, 2015), Ex. A to Government's Response at 4, ECF No. 18-1. The Superior Court found that Holmes's counsel knew about the victim's medical records, and that the victim's medical condition and treatment were elicited at trial in 2005. *Id.* at 6. The court stated that "[b]ecause he absconded

from trial, [Holmes] may not have had *personal* knowledge of the victim's medical records; however, his former fugitive status affords him no special treatment." *Id.* Holmes has failed to show that the medical records were unavailable at trial, and thus they are not new evidence that supports an actual innocence claim.

Holmes claims that his trial counsel rendered ineffective assistance because she did not investigate Gale as a witness. Holmes attaches Gale's statement to the police to his Objection, along with the government's letter to his trial counsel enclosing the government's discovery. *See* ECF 24. This letter makes clear that the government did in fact provide Gale's statement to Holmes's trial counsel prior to his second trial. To the extent that Holmes argues that his counsel was ineffective for failing to utilize Gale's testimony, he cannot establish an actual innocence claim because he relies only on evidence that his trial counsel already had. Although Holmes argues that he believes his trial counsel failed to investigate Gale further, he provides no new evidence that his counsel should have uncovered by investigating Gale. In fact, Holmes's argument that Gale's testimony demonstrates his actual innocence relies only on Gale's written statement to the police—the statement his counsel had at the time of trial. Therefore, Gale's statement cannot ground an actual innocence claim. Holmes has failed to establish an actual innocence claim sufficient to overcome the time bar.

## IV. CONCLUSION

Magistrate Judge Strawbridge correctly concluded that Holmes's petition for writ of habeas corpus is untimely. Holmes cannot prevail on a gateway claim of actual innocence. This Court therefore adopts the findings and conclusions in the Report and Recommendation and follows the recommendation to deny the habeas petition. There is no basis to issue a certificate of appealability.

A separate Order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge